03/22/2010 15:46 FAX 985 542 9602        CC&S, ATTORNEYS                    ☑023

22ⁿᵈ JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY PARISH

STATE OF LOUISIANA

NO.    2010 - 11169                              DIVISION " N "

CHRISTIAN LANG, DWAYNE HUMPHREY, LARRY TUCKER and
GARY SMITH (on behalf of themselves and all similarly situated individuals)

VERSUS

DIRECTV, INC., J P & D DIGITAL SATELLITE SYSTEMS, INC. and
MODERN DAY SATELLITE

Jury Demand
Class Action Petition for Damages and
Collective Action under the Fair Labor Standards Act

FILED: February 22, 2010                     _____
                                             DEPUTY CLERK

*********************************************************************

## CLASS ACTION PETITION FOR DAMAGES AND COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

NOW COME Plaintiffs Christian Lang, Dwayne Humphrey, Larry Tucker and Gary Smith, on behalf of themselves and all similarly situated individuals (collectively "Plaintiffs"), who for their Petition against Defendants Directv, Inc., J, P & D Digital Satellite Systems, Inc. and Modern Day Satellite, state as follows:

### INTRODUCTION

1.

This petition arises out of Defendants' individual and concerted efforts to deprive the Plaintiffs of monies rightfully earned under a nationwide scheme that violates Louisiana law, and the Fair Labor Standards Act (Hereafter FLSA) found at 29 U.S.C. § 201, et seq., and specifically the collective action provision of the act found at § 216(b).

### PARTIES, JURISDICTION & VENUE

2.

Plaintiffs Christian Lang and Dwayne Humphrey are citizens and residents of St. Tammany Parish, Louisiana. Plaintiff Larry Tucker is a citizen and resident of Mississippi.

ST. TAM. PAR.
FILED
2010 FEB 22 P 1:46

EXHIBIT
"1"

03/22/2010 15:46 FAX 985 542 9602          CC&S, ATTORNEYS                                      ☑022

Plaintiff Gary Smith is a citizen and resident of Georgia.  Plaintiffs are current and former employees of Defendants who have performed work for the Defendants installing and servicing Directv satellite equipment in Louisiana and other states.

3.

Made defendant herein is DIRECTV, Inc. ("Directv"), a California corporation with corporate headquarters located at 2230 IMPERIAL HIGHWAY, EL SEGUNDO, CA 90245 and a corporate domicile at C/O C T CORPORATION SYSTEM, 818 W. SEVENTH STREET, LOS ANGELES, CA 90017.  Its registered agent for service of process is CORPORATION SERVICE COMPANY, 320 SOMERULOS STREET, BATON ROUGE, LA 70802-6129.  Directv is licensed to do business in the State of LOUISIANA and is actively conducting business in the State of LOUISIANA via retailers, advertising, sales, contracts for television programming, and servicing of satellite systems within the state.  Directv is, therefore, subject to personal jurisdiction in Louisiana for the purpose of this lawsuit.

4.

Made defendant herein is J P & D Satellite Systems, Inc. ("J P & D"), a Texas corporation with corporate headquarters located at 10916 SPENCER HWY., LA PORTE, TX 77571.  It has a principal business establishment in Louisiana at 234 HARBOR CIRCLE, NEW ORLEANS, LA 70126.  Its registered agent for service of process in Louisiana is located at 5615 CORPORATE BLVD., STE. 400B, BATON ROUGE, LA 70808.  J P & D is licensed to do business in the State of LOUISIANA and is actively conducting business in the State of LOUISIANA via retailers, advertising, sales, and servicing of satellite systems within the state.  J P & D is, therefore, subject to personal jurisdiction in Louisiana for the purpose of this lawsuit.

5.

Made defendant herein is Modern Day Satellite ("Modern Day"), an unregistered business with its primary offices in Louisiana at 42334 Deluxe Plaza, Suite 5, Hammond, Louisiana 70401.  It is not registered to do business in the state but advertises its office in Hammond as the place to go if you want Directv.  More specifically, their web ads state "Contact Us to Start Enjoying DIRECTV Satellite Service in Your Home or Business! (800)

2

670-5012." Modern Day is not registered to do business in the State of LOUISIANA, yet it is actively conducting business in the State of LOUISIANA via advertising, sales and servicing of satellite systems within the state. Modern Day is, therefore, subject to personal jurisdiction in Louisiana for the purpose of this lawsuit.

6.

This petition is brought pursuant to the FLSA found at 29 U.S.C. § 201, *et seq.*, and specifically the collective action provision of the act found at § 216(b), to remedy violations of the wage provisions of the FLSA by Defendants which deprived Plaintiffs, as well as those similarly situated to the named Plaintiffs, of their lawfully owed wages. Defendants have violated the minimum wage, overtime and/or record keeping provisions of the FLSA.

7.

This Court has subject matter jurisdiction over this petition and venue is proper in this Court.

8.

At all times material to this petition, the named, representative Plaintiffs were all "employees" of Defendants as defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three years preceding the filing of the instant suit.

9.

The minimum wage, overtime and record keeping provisions as set forth in §§206, 207 and 211, respectively, of the FLSA, apply to Defendants, and the Plaintiffs, as well as all those similarly situated, were covered by the FLSA while they were employed by Defendants.

10.

At all times material to this petition, Defendants were an enterprise engaged in commerce or in the production of goods for commerce, as defined by § 203(f)(1) of the FLSA, and had an annual gross volume of sales that exceeded $500,000. Defendants acted as joint employers, co-conspirators, and/or as successors in interest on multiple contracts to provide satellite television services, installation, programming and repair for Directv products and services.

3

11.

At all times material to this petition, the named, representative Plaintiffs, as well as all those similarly situated, were engaged in commerce.

12.

Each of the named, representative Plaintiffs herein worked hours while employed by Defendants for which they either received no compensation, for which they were improperly paid at rates less than one-and-one half times their normal hourly rates, and/or for which they were paid below the minimum wage.

13.

Defendants' actions, as set forth more fully below, in failing to compensate the named, representative Plaintiffs and those similarly situated or keep records in accordance with the provisions of the FLSA, were willful.

14.

As set forth more fully below, Defendants have engaged and continue to engage in a centralized, widespread pattern and practice of FLSA violations and intentional schemes designed to undermine and avoid the minimum wage and overtime pay provisions of the FLSA on a systemic, corporate-wide basis.

**FACTS**

15.

At all relevant times, Plaintiffs and those similarly situated to Plaintiffs, were employed by Defendants as technicians and installers. As technicians, Plaintiffs regularly made house calls to customers in order to install satellites and related products referred to as "job assignments." Plaintiffs would complete several job assignments per day, each of which could last from approximately an hour to several hours.

16.

Plaintiffs and those similarly situated to Plaintiffs were paid a set amount per the number and type of job assignments completed and/or by an agreed upon hourly rate.

4

17.

Plaintiffs regularly worked over 40 hours in a workweek in order to complete all of their job assignments. Defendants, however, did not pay Plaintiffs for all hours worked in order to avoid overtime payments. In the few instances where Defendants did pay overtime wages, it was for significantly less hours than Plaintiffs had worked and at an improper hourly rate. Defendants, through the guise of the pay-per-job/unilateral charge-back scheme, denied Plaintiffs rights guaranteed them under the FLSA and Louisiana law.

18.

Defendants have failed and continue to fail to meet the requirements of the FLSA by instituting policies and engaging in practices that violate the minimum wage, overtime pay and record keeping provisions of the FLSA. Specifically, Defendants violated these provisions by, among other things:

A) Requiring, suffering, and/or permitting Plaintiffs, and those similarly situated, to begin working prior to their first job assignments and failing to record or pay wages for the time worked prior to the start of their first job assignment, including, but not limited to, requiring Plaintiffs to report to the company office before they went to their first job assignment and requiring the employees to call from their personal phones to receive the job assignments for the day;

B) Requiring, suffering, and/or permitting Plaintiffs, and those similarly situated, to continue working after they completed all of their job assignments by, among other things, requiring Plaintiffs to clean out their vehicles and by failing to record or pay wages for the time worked subsequent to the end of their shifts;

C) Requiring, suffering and/or permitting Plaintiffs, and those similarly situated, to work hours "off the clock" throughout their work day by failing to record or pay wages for travel time between job assignments and by engaging in a policy or practice of reducing hours on Plaintiffs' time records;

5

D) Requiring, suffering and/or permitting Plaintiffs, and those similarly situated, to perform work during their meal periods despite deducting those meal periods from Plaintiffs' hours;

E) Violating the record-keeping provisions of the FLSA by failing to properly record hours worked;

F) Failing to properly calculate the overtime rate by, among other things, failing to record or pay wages for all hours worked and failing to pay overtime wages at one and one-half times the Plaintiffs' regular rate of pay as required by law;

G) Conspiring, acting as joint employers, and/or acting as successors in interest to effectuate a "charge-back" scheme designed to harm the Plaintiffs and similarly situated individuals by:  1) charging the installers back (deducting from their check) more money than they earned for the job assignment, effectively making a "profit" by unilaterally taking improper and unjustified deductions from installers' pay; 2)  charging Plaintiffs back for occurrences unrelated to quality of the work they originally performed such as homeowner assistance or equipment failures; 3) withholding pay illegally and in violation of FLSA and Louisiana laws; and 4) improperly taking deductions from paychecks without just cause; and

H) Defendant Directv is liable for its actions in setting up bogus, unfunded or "judgment proof" entities as "independent contractors" in an attempt to circumvent the provisions of the FLSA and the Louisiana laws.  Directv has purposefully exploited the Plaintiffs and other similarly situated individuals by delaying or withholding their payment for services performed, making unilateral and unwarranted deductions from those checks and then hiding behind the bogus, unfunded entities as a defense to its actions.

19.

The named, representative Plaintiffs, as well as all similarly situated present and/or former employees of Defendants were and/or are subject to the policies, conduct and practices of Defendants set forth above and, as a result, their number of hours worked as recorded by Defendants was far less than their actual number of hours worked.

6

· 03/22/2010 15:45 FAX 985 542 9602        CC&S, ATTORNEYS                    ☑017

20.

Pursuant to Defendants' policies and practices, Defendants have failed and continue to fail to pay Plaintiffs, and those similarly situated, the required minimum wage and overtime premium pay of one and one-half times their regular rate of pay for all hours worked in excess of a 40 hour workweek.

21.

In addition to failing to compensate Plaintiffs for all hours worked, Defendants withheld uniform and tool costs from Plaintiffs' paychecks, failed to compensate Plaintiffs for accrued but unused vacation time and failed to properly pay Plaintiffs for fuel and mileage, and improperly "charged" plaintiffs for the failures of defendants' equipment.

## COLLECTIVE ACTION FOR VIOLATIONS OF THE FLSA

22.

Defendant has violated the provisions of the FLSA, resulting in damages to Plaintiffs, and those similarly situated, in the form of unpaid wages, incurred and incurring costs and reasonable attorney's fees.

23.

As a result of the minimum wage, overtime pay and record keeping violations of the FLSA, the named, representative Plaintiffs, as well as those similarly situated, have suffered damages by failing to receive their lawful wages during their tenure of employment with Defendants. In addition to the amount of unpaid wages owing to the named, representative Plaintiffs and those similarly situated, they are also entitled to an additional amount of liquidated damages pursuant to 29 U.S.C. § 216(b) and/or prejudgment interest.

24.

The named, representative Plaintiffs, and those similarly situated, are also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

25.

Pursuant to 29 U.S.C. § 216(b), attached to and filed with this petition as Exhibit A are the consent to become party-Plaintiff forms signed by each of the named, representative Plaintiffs in this lawsuit.

26.

Defendants' actions in failing to compensate the named, representative Plaintiffs and other similarly situated employees of Defendants in accordance with the provisions of the FLSA were willful and not in good faith.

27.

There are numerous other similarly situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Specifically, all employees and former employees of Defendants who have been employed by the Defendants as technicians, installers or field trainers in any facility owned and/or operated by Defendants should receive notice and the opportunity to join the present lawsuit.

**PRAYER FOR RELIEF**

WHEREFORE, premises considered, the named, representative Plaintiffs, individually, and on behalf of all other similarly situated persons, pursuant to 29 U.S.C. § 216(b), pray for the following relief:

1. that process issue against Defendants and that the Defendants be required to answer within the time period provided by applicable law;

2. that the Court issue notice to all similarly situated persons;

3. that other similarly situated past or present employees be given the opportunity to join this lawsuit as party-Plaintiffs by filing written consents pursuant to 29 U.S.C. § 216(b);

4. that Plaintiffs, and all others who file consents, be awarded damages in the amount of their unpaid wages, and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b), and/or prejudgment interest;

5. that Defendants be required to pay Plaintiffs' attorneys' fees;

8

6.  that Defendants be required to pay the costs and expenses of this action;

7.  that Plaintiffs be granted such other, further and general relief to which they may
    show themselves entitled;

8.  that a jury be impaneled to hear this cause of action at trial.

### CLASS ACTION FOR VIOLATIONS UNDER LOUISIANA LAW

28.

Defendants have conspired, acted as joint employers, and/or acted as successors in interest to effectuate a "charge-back" scheme designed to harm Plaintiffs and similarly situated individuals by: 1) charging the Plaintiffs back (deducting from their check) more money than they "earned" for the job assignment; 2) charging the Plaintiffs back for occurrences unrelated to quality of the work they originally performed; 3) withholding pay illegally and in violation of Louisiana laws; 4) improperly taking unilateral deductions from paychecks without just cause; 5) not paying employees on bi-monthly basis; and 6) failing to pay employees in a timely fashion upon discharge and/or resignation.

29.

Plaintiffs hereby incorporate by reference each of the preceding allegations as though fully set forth herein.

30.

Defendants have regularly withheld payments to their employees for a variety of reasons not allowed under La. R.S. 23:631, *et seq.* and Louisiana law.  For example, Defendants regularly deducted payment to Plaintiffs for the failure of equipment Defendants supplied to Plaintiffs for use on specific jobs; Defendants even withheld or deducted payment to Plaintiffs when a customer made a service call unrelated to the quality of the work performed by Plaintiffs.

31.

Defendants have regularly made unilateral deductions from payments to their employees for a variety of reasons not allowed under La. R.S. 23:631, *et seq.*

32.

Defendants intended, or realized to a substantial certainty, that creating doubt regarding when wages would be received and what amounts would be paid to Plaintiffs, would cause severe emotional distress to Plaintiffs. In the alternative, Defendants were negligent in their actions and severe emotional distress was a foreseeable result of their actions.

33.

Defendants' negligent conduct was the cause in fact of the harm to Plaintiffs and violated a duty owed by Defendants to the Plaintiffs which resulted in harm to the Plaintiffs.

34.

Defendants engaged in a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. More specifically, they misrepresented the compensation that Plaintiffs would receive as well as the quality of Plaintiffs' work via the charge-back scheme. They regularly made unilateral and unsubstantiated deductions from wages associated with Plaintiffs' work. Such actions were done with the intention of gaining an unjust advantage and/or loss or inconvenience to Plaintiffs.

35.

Defendants engaged in distinct acts of dominion wrongfully exerted over Plaintiffs' property (earned wages) in denial of or inconsistent with Plaintiffs' rights therein.

36.

The net effect of Defendants' actions is to get work successfully completed, receive the benefit for such services being rendered, and then unilaterally reduce their costs under a fraudulent scheme designed to exploit and harm those performing work for their benefit in Louisiana.

37.

Defendants have gone so far as to deduct from Plaintiffs' wages, amounts that are GREATER than the wages that the individual Plaintiff was to receive for doing a particular

10

assignment. This amounts to Defendants "charging" the Plaintiffs to do uncompensated work for them and is an affront to Louisiana laws.

38.

Plaintiffs bring this Class action pursuant to Louisiana Code of Civil Procedure Article 591, *et seq.*, on behalf of themselves and a Class as defined below:

**All persons who have performed installation and service of Directv satellite systems in the State of Louisiana.**

Excluded from the Class are (a) any Judge or Magistrate presiding over this action and Members of their families; (b) Defendants and any person, firm, trust, corporation, or other entity affiliated with Defendants including, without limitation, persons who are officers, directors, employees, associates or partners of Defendants; and all persons who properly execute and file a timely request for exclusion from the Class.

39.

*Numerosity.* The Class is composed of thousands of persons geographically dispersed throughout the State of Louisiana and other states, the joinder of whom, in one action, is impractical. The Class is ascertainable and identifiable. Membership in the Class can be determined easily. Defendants can determine the identity of all Class members from their own records.

40.

*Commonality.* Questions of law and fact common to the Class exist as to all Members of the Class and predominate over any questions affecting only individual Members of the Class. These common legal and factual issues include the following:

a. Whether Defendants deprived the Plaintiffs of rights bestowed upon Louisiana employees pursuant to La. R.S. 23:631, *et seq.* by making unlawful deductions from paychecks of employees in violation of Louisiana Wage and Hour law;

b. Whether Defendants conspired to deny the employees their rights as employees by a fraudulent scheme designed to convince them they were "independent contractors";

c. Whether Plaintiffs and Plaintiff Class Members are entitled to recover compensatory, exemplary, punitive and/or other damages as a result of Defendants' unlawful conduct.

11

d. What is the proper mechanism for assessing and awarding damages and administering relief to Class Members, including the relief to reduce the threat of future harm to Class Members;

e. Whether Defendants' conduct constitutes fraudulent misrepresentation;

f. Whether Defendants are liable for intentional and/or negligent infliction of emotional distress;

g. The nature and extent of compensatory damages to Members of the Class;

h. How compensatory damages should be allocated to the Members of the Class;

i. Whether Defendants acted to defraud, misrepresent, and deceive Plaintiffs and/or the Plaintiff Class; and

j. How responsibility for damages should be allocated amongst the Defendants.

41.

*Typicality:* Plaintiffs' claims are typical of the claims of the Plaintiff Class, as all such claims arise out of Defendants' uniform course of wrongful conduct complained of herein.

42.

*Adequacy of Representation:* Plaintiffs will fairly and adequately protect the interests of the Members of the Class and have no interests antagonistic to those of the Class. Plaintiffs have retained counsel experienced in complex litigation and labor and employment law matters.

43.

*Predominance and Superiority:* This Class action is appropriate for certification because questions of law and fact common to the Members of the Class predominate over questions affecting only individual Members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all Members of the Class is impracticable. Should individual Class members be required to bring separate actions, this Court and courts throughout the State of Louisiana would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this Class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single Court.

## PRAYER FOR RELIEF

THEREFORE, premises considered, the named, representative Plaintiffs, individually, and on behalf of all other similarly situated persons, pray for the following relief:

1. that process issue according to law;

2. that Defendants be served with a copy of Plaintiffs' Petition and show cause why the prayers for relief requested by Plaintiffs herein should not be granted;

3. that the Court enter judgment against Defendant(s) for all damages allowable to Plaintiffs;

4. that the costs of this action be cast upon the Defendant(s);

5. that Defendant(s) be required to pay Plaintiffs' attorneys' fees;

6. that Plaintiffs be granted such other, further and general relief to which they may show themselves entitled;

7. Pre-Judgment Interest and Costs; and

8. An Order certifying the Class, appointing Christian Lang, Dwayne Humphrey, Larry Tucker and Gary Smith as Class Representatives and appointing Hearin, LLC as counsel to the Class.

Respectfully Submitted,

JESSE B. HEARIN, III (Bar No. 22422)
Hearin, LLC
1009 Carnation Street, Suite E
Slidell, LA 70460
Telephone: 985-639-3377
Facsimile: 877-821-8015
E-Mail: jbhearin@hearinllc.com

ATTORNEY FOR PLAINTIFFS

**SERVICE INSTRUCTIONS ON FOLLOWING PAGE**

**PLEASE SERVE:**

DIRECTV, Inc.
through its registered agent:
Corporation Service Company
320 Somerulos Street
Baton Rouge, LA 70802-6129

J P & D Satellite Systems, Inc.
through its registered agent:
C T Corporation System
5615 Corporate Blvd., Suite 400 B
Baton Rouge, LA 70808

Modern Day Satellite
through any employee of suitable age and discretion
42334 Deluxe Plaza, Suite 5
Hammond, LA 70401

## CONSENT TO JOIN COLLECTIVE ACTION
## (FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b))

I, , hereby consent to opt in to and become a party to the collective action entitled **CHRISTIAN LANG, DWAYNE HUMPHREY, LARRY TUCKER, & GARY SMITH on behalf of themselves and all similarly situated individuals) v. DIRECTV, INC., et al.** to be filed in United States District Court for the Eastern District of Louisiana. I understand and agree that by joining in this action, I will be bound by any adjudication of the Court in this action. I understand the lawsuit includes allegations that the Directv has failed to properly pay intallers/repairmen for all hours worked, including overtime and for improperly orchestrating a chargeback scheme in violation of the FLSA and Lousiana law. I am, or was, employed by Directv, during some or all of the period from three years prior to the filing of the lawsuit to the date of this consent. This lawsuit has been brought on my behalf and on the behalf of all similarly situated employees Directv, pursuant to Section 16(b) of the FLSA. I understand that the lawsuit seeks to recover unpaid overtime compensation, liquidated damages, attorneys' fees, costs and other relief.

I support the proposed appointment of Hearin, LLC as attorneys for the class and agree to be represented by these attorneys for this action. I understand that these attorneys are being retained on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees. If the Plaintiffs prevail, the attorneys for the class will request the Court determine or approve the amount of attorneys' fees and costs they are entitled to receive.

NO RETALIATION PERMITTED. FEDERAL LAW PROHIBITS THE DIRECTV FROM TAKING ANY ACTION AGAINST YOU BECAUSE YOU ELECT TO JOIN THIS ACTION BY FILLING OUT THIS CONSENT FORM OR OTHERWISE EXERCISING YOUR RIGHTS UNDER THE FAIR LABOR STANDARDS ACT.

Printed Name: Christian lang

Signature:

Date: 2/3/10

2010-11694

**FILED**

FEB 2 2 2010

MALISE PRIETO - CLERK
S/MARY TAYLOR
DEPUTY

03/22/2010 15:40 FAX 985 542 9602        CC&S, ATTORNEYS                        ☑003

### CONSENT TO JOIN COLLECTIVE ACTION
### (FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b))

I, , hereby consent to opt in to and become a party to the collective action entitled **CHRISTIAN LANG, DWAYNE HUMPHREY, LARRY TUCKER, & GARY SMITH on behalf of themselves and all similarly situated individuals)** v. **DIRECTV, INC.,** et al. to be filed in United States District Court for the Eastern District of Louisiana. I understand and agree that by joining in this action, I will be bound by any adjudication of the Court in this action. I understand the lawsuit includes allegations that the Directv has failed to properly pay installers/repairmen for all hours worked, including overtime and for improperly orchestrating a chargeback scheme in violation of the FLSA and Lousiana law. I am, or was, employed by Directv, during some or all of the period from three years prior to the filing of the lawsuit to the date of this consent. This lawsuit has been brought on my behalf and on the behalf of all similarly situated employees Directv, pursuant to Section 16(b) of the FLSA. I understand that the lawsuit seeks to recover unpaid overtime compensation, liquidated damages, attorneys' fees, costs and other relief.

I support the proposed appointment of Hearin, LLC as attorneys for the class and agree to be represented by these attorneys for this action. I understand that these attorneys are being retained on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees. If the Plaintiffs prevail, the attorneys for the class will request the Court determine or approve the amount of attorneys' fees and costs they are entitled to receive.

NO RETALIATION PERMITTED. FEDERAL LAW PROHIBITS THE DIRECTV FROM TAKING ANY ACTION AGAINST YOU BECAUSE YOU ELECT TO JOIN THIS ACTION BY FILLING OUT THIS CONSENT FORM OR OTHERWISE EXERCISING YOUR RIGHTS UNDER THE FAIR LABOR STANDARDS ACT.

Printed Name: _Larry Tucker_

Signature: _Tony Cole/c_

Date: _2-3-10_

2010-W1694

# FILED

FEB 2 2 2010

MALISE PRIETO - CLERK
~~S/MARY TAYLOR~~
DEPUTY

## CONSENT TO JOIN COLLECTIVE ACTION
### (FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b))

I, , hereby consent to opt in to and become a party to the collective action entitled **CHRISTIAN LANG, DWAYNE HUMPHREY, LARRY TUCKER, & GARY SMITH on behalf of themselves and all similarly situated individuals)** v. **DIRECTV, INC., et al.** to be filed in United States District Court for the Eastern District of Louisiana. I understand and agree that by joining in this action, I will be bound by any adjudication of the Court in this action. I understand the lawsuit includes allegations that the Directv has failed to properly pay intallers/repairmen for all hours worked, including overtime and for improperly orchestrating a chargeback scheme in violation of the FLSA and Lousiana law. I am, or was, employed by Directv, during some or all of the period from three years prior to the filing of the lawsuit to the date of this consent. This lawsuit has been brought on my behalf and on the behalf of all similarly situated employees Directv, pursuant to Section 16(b) of the FLSA. I understand that the lawsuit seeks to recover unpaid overtime compensation, liquidated damages, attorneys' fees, costs and other relief.

I support the proposed appointment of Hearin, LLC as attorneys for the class and agree to be represented by these attorneys for this action. I understand that these attorneys are being retained on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees. If the Plaintiffs prevail, the attorneys for the class will request the Court determine or approve the amount of attorneys' fees and costs they are entitled to receive.

NO RETALIATION PERMITTED. FEDERAL LAW PROHIBITS THE DIRECTV FROM TAKING ANY ACTION AGAINST YOU BECAUSE YOU ELECT TO JOIN THIS ACTION BY FILLING OUT THIS CONSENT FORM OR OTHERWISE EXERCISING YOUR RIGHTS UNDER THE FAIR LABOR STANDARDS ACT.

Printed Name: _DWAYNE HumpHery_

Signature: _Dwayne Humphery_

Date: _1/31/2010_

2010 IW69H

**FILED**

FEB 2 2 2010

MALISE PRIETO - CLERK
S/MARY TAYLOR
DEPUTY

## CONSENT TO JOIN COLLECTIVE ACTION
### (FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b))

I, , hereby consent to opt in to and become a party to the collective action entitled **CHRISTIAN LANG, DWAYNE HUMPHREY, LARRY TUCKER, & GARY SMITH on behalf of themselves and all similarly situated individuals) v. DIRECTV, INC.** to be filed in United States District Court for the Eastern District of Louisiana. I understand and agree that by joining in this action, I will be bound by any adjudication of the Court in this action. I understand the lawsuit includes allegations that the Directv has failed to properly pay installers/repairmen for all hours worked, including overtime and for improperly orchestrating a chargeback scheme in violation of the FLSA and Lousiana law. I am, or was, employed by Directv, during some or all of the period from three years prior to the filing of the lawsuit to the date of this consent. This lawsuit has been brought on my behalf and on the behalf of all similarly situated employees Directv, pursuant to Section 16(b) of the FLSA. I understand that the lawsuit seeks to recover unpaid overtime compensation, liquidated damages, attorneys' fees, costs and other relief.

I support the proposed appointment of Hearin, LLC as attorneys for the class and agree to be represented by these attorneys for this action. I understand that these attorneys are being retained on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees. If the Plaintiffs prevail, the attorneys for the class will request the Court determine or approve the amount of attorneys' fees and costs they are entitled to receive.

NO RETALIATION PERMITTED. FEDERAL LAW PROHIBITS THE DIRECTV FROM TAKING ANY ACTION AGAINST YOU BECAUSE YOU ELECT TO JOIN THIS ACTION BY FILLING OUT THIS CONSENT FORM OR OTHERWISE EXERCISING YOUR RIGHTS UNDER THE FAIR LABOR STANDARDS ACT.

Printed Name: GARY SMITH

Signature: 

Date: 1/21/10

2010-1169 H
**FILED**

FEB 2 2 2010

MAURARITTAYLOR
DEPUTY

CHRISTIAN LANG, ET AL

No.   2010-11169-H

**SERVE**

22nd **Judicial District Court**

**Parish of St. Tammany**

Versus

DIRECTV, INC., ET AL

**Louisiana**

TO THE DEFENDANT    DIRECTV, INC. THROUGH ITS REGISTERED AGENT: CORPORATION SERVICE

COMPANY 320 SOMERULOS STREET BATON ROUGE, LA 70802-6129

You are hereby summoned to comply with the demand contained in the petition of / which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, in the 22nd Judicial District Court in and for the Parish of St. Tammany, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default judgment against you.

Witness the Honorable Judges of said Court this   22ND   day of   FEBRUARY   A.D. 20   10

*Malise Prieto*, CLERK OF COURT

BY:   S/MARY TAYLOR

ISSUED: March 9, 2010

DEPUTY CLERK OF COURT

| Attorney | JESSE B. HEARIN, III  P1 |
| | 1009 CARNATION STREET, STE E |
| | SLIDELL, LA 70460 |

**A TRUE COPY**

DY. CLERK 22nd JUD. DIST. COURT
ST. TAMMANY PARISH, LA

Received on _____, 20 _____, and on the _____ day of MAR 1 2 2010, 20 _____

I served a true copy of the within

on _____    I made service on the named party through the    in person,

at domicile with    Corporation Services

in _____ Parish, a distance of By tendering a copy of this document to    miles from

the Court House.    JEANNINE SCHUTTE

Deputy Sheriff,  Parish of  Deputy Sheriff Baton Rouge, Louisiana

Parish of _____

K-101

101-15

CHRISTIAN LANG, ET AL

No.    2010-11169-H

# SERVE

## 22nd Judicial District Court

## Parish of St. Tammany

## Louisiana

Versus

DIRECTV, INC., ET AL

TO THE DEFENDANT     J P & D SATELLITE SYSTEMS, INC.  THROUGH ITS REGISTERED AGENT:

CT CORPORATION SYSTEM 5615 CORPORATE BLVD., SUITE 400 B BATON ROUGE, LA  70808

You are hereby summoned to comply with the demand contained in the petition of / which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, in the 22nd Judicial District Court in and for the Parish of St. Tammany, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default judgment against you:

Witness the Honorable Judges of said Court this         22ND    day of          FEBRUARY        A.D. 20    10

### *Malise Prieto*, CLERK OF COURT

BY:     S/MARY TAYLOR

DEPUTY CLERK OF COURT

ISSUED:March 9, 2010

Attorney     JESSE B. HEARIN, III   P1
1009 CARNATION STREET, STE E
SLIDELL, LA  70460

**A TRUE COPY**

DY. CLERK 22nd JUD. DIST. COURT
ST. TAMMANY PARISH, LA

Received on _____ , 20 _____ , and on the _____ day of _____

I  served  a  true  copy  of  the  within  _____

on  _____                                                                           in person,

at domicile with  _____

in  _____ Parish, a distance of _____ miles from

the Court House.

_____
Deputy Sheriff

Parish of _____

K-101

CHRISTIAN LANG, ET AL

No.    2010-11169-H

# SERVE

## 22nd Judicial District Court

## Parish of St. Tammany

Versus

## Louisiana

DIRECTV, INC., ET AL

TO THE DEFENDANT    MODERN DAY SATELLITE THROUGH ANY EMPLOYEE OF SUITABLE AGE AND

DISCRETION  42334 DELUXE PLAZA, SUITE 5 HAMMOND, LA  70401

You are hereby summoned to comply with the demand contained in the petition of / which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, in the 22nd Judicial District Court in and for the Parish of St. Tammany, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default judgment against you.

Witness the Honorable Judges of said Court this    22ND   day of    FEBRUARY    A.D. 20    10

*Malise Prieto*, CLERK OF COURT

BY:    S/MARY TAYLOR

**DEPUTY CLERK OF COURT**

ISSUED: March 9, 2010

Attorney    JESSE B. HEARIN, III   P1
            1009 CARNATION STREET, STE E
            SLIDELL, LA  70460

A TRUE COPY

DY. CLERK 22nd JUD. DIST. COURT
ST. TAMMANY PARISH, LA

Received on _____ , 20 _____ , and on the _____ day of _____ , 20 _____

I served a true copy of the within

on _____  in person,

at domicile with _____

in _____ Parish, a distance of _____ miles from

the Court House.

_____
Deputy Sheriff

Parish of _____

K-101

101-15



Clerk of Court - St. Tammany Parish
*Malise Prieto*

Home | Marriage Licenses | Land Records | Maps | Civil | Criminal | Traffic | My Acco

Logged In as bdbcb - Jeanette Russo.   Copy Fee Balance **$53.70**.

Civil - Search by Suit# - Suit Hits - Suit Detail - Returns

**Returns for Suit 201011169**

| Party | Served Date | Type | Service Notes | Person Served |
|-------|-------------|------|---------------|---------------|
| P1 | 3/12/2010 | PERSONAL | CITATION | DIRECTV INC THRU AGENT - 23 |
| P1 | 3/12/2010 | PERSONAL | CITATION | JP&D SATELLITE SYSTEMS INC THRU AGENT - 23 |
| P1 | 3/16/2010 | PERSONAL | CITATION | MODERN DAY SATELLITE - 58 |

22ND JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

**STATE OF LOUISIANA**

NO.: 2010-11169                                                         DIVISION "H"

**CHRISTIAN LANG, DWAYNE HUMPHREY, LARRY TUCKER and
GARY SMITH (on behalf of themselves and all similarly situated individuals)**

**VERSUS**

**DIRECTV, INC, J P & D DIGITAL SATELLITE SYSTEMS, INC.
AND MODERN DAY SATELLITE**

FILED: _March 29, 2010_                          _Sally M Savage_
                                                                    **DEPUTY CLERK**

**MOTION FOR EXTENSION
OF TIME TO FILE RESPONSIVE PLEADINGS**

NOW INTO COURT, through undersigned counsel, come defendants, DIRECTV, Inc.,

JP&D Digital Satellite Systems, Inc., and Modern Day Satellite (collectively "Defendants"), and,

with a full reservation of rights, respectfully move this Court for an Order granting them an

extension of fifteen (15) days, or until and through April 13, 2010, within which to answer or

otherwise respond to the Class Action Petition for Damages and Collective Action Under the

Fair Labor Standards Act, filed by the plaintiffs, Christian Lang, Dwayne Humphrey, Larry

Tucker, and Gary Smith.  Undersigned counsel certifies that he has filed no previous extension

of time in this matter, and that granting this extension will not materially impede the prosecution

of this case or prejudice any party hereto.  Accordingly, mover requests that the Court grant them

an additional fifteen (15) days, or until and through April 13, 2010, in which to file responsive

pleadings in this action.

**FAX FILED**
3-26-10

861

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

By: _____

STEVEN F. GRIFFITH, JR. (27232)
ERIN E. PELLETERI (30666)
KATIE DYSART (31449)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR ALL DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on all counsel of

record, by depositing same in the United States Postal Service, properly addressed and postage

prepaid, this 26th day of March, 2010.

_____
STEVEN F. GRIFFITH, JR.

2

22ND JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

STATE OF LOUISIANA

NO.: 2010-11169                                    DIVISION "H"

CHRISTIAN LANG, DWAYNE HUMPHREY, LARRY TUCKER and
GARY SMITH (on behalf of themselves and all similarly situated individuals)

VERSUS

DIRECTV, INC, J P & D DIGITAL SATELLITE SYSTEMS, INC.
AND MODERN DAY SATELLITE

FILED: _March 24, 2010_          _Sally M Savage_
                                          DEPUTY CLERK

## ORDER

**CONSIDERING THE FOREGOING** Motion for Extension of Time to File Responsive

Pleadings filed by defendants, DIRECTV, Inc., JP&D Digital Satellite Systems, Inc., and Modern

Day Satellite;

**IT IS HEREBY ORDERED** that defendants, DIRECTV, Inc., JP&D Digital Satellite

Systems, Inc., and Modern Day Satellite, are granted an additional fifteen (15) days, or until and

through April 13, 2010, in which to file responsive pleadings in this matter.

Covington, Louisiana, this ___6___ day of ~~March~~ April, 2010.

_____
J U D G E

**FAX FILED**

3-26-10