UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**CHRISTIAN LANG, et al**  **CIVIL ACTION**

**VERSUS**  **NO: 10-1085-SSV-SS**

**DIRECTV, INC., et al**

### ORDER

PLAINTIFFS' MOTION TO COMPEL DISCOVERY (Rec. doc. 68)

**GRANTED IN PART AND DENIED IN PART**

JP&D'S MOTION FOR SANCTIONS (Rec. doc. 71)

**DENIED**

The plaintiffs[1] filed a motion to compel discovery from one of the defendants, JP&D Digital Satellite Systems, Inc. ("JPD").[2] JPD filed a motion for sanctions and enforcement of the protective order.

### BACKGROUND

The plaintiffs are satellite television technicians who installed DirecTV products at customers' houses. They filed a petition in state court on behalf of themselves and all similarly situated individuals. They asserted causes of action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 alleging that defendants engaged in a nationwide scheme in violation of the FLSA

---

[1] The plaintiffs are: (1) Christian Lang; (2) Dwayne Humphrey; (3) Larry Tucker; (4) Gary Smith; (5) John Buckley; (6) Russell Blakely; and (7) Andrew Francis.

[2] The other defendants are: (1) DirecTV, Inc. ("DirecTV"); and (2) Modern Day Satellite.

and Louisiana law. The plaintiffs' motion to remand was denied. Rec. doc. 42. They filed an amended complaint. Rec. doc. 43. The defendants' motion to dismiss the collective action claims under the FLSA was denied as premature. Rec. doc. 42 at 31.

A stipulated protective order for the confidentiality of documents was entered. Rec. doc. 48. The trial was set for March 21, 2011. Rec. doc. 26.

Counsel representing Modern Day Satellite withdrew. Rec. doc. 49. It, through its corporate representative, was ordered to appear on February 16, 2011 and discuss the matter of future representation. Rec. doc. 51. No counsel has enrolled for Modern Day Satellite.

On January 17, 2011, the plaintiffs moved for a continuance of the trial. They cited: (1) the absence of counsel for Modern Day Satellite; (2) DirecTV's acquisition of JPD; and (3) issues raised by defendants' discovery responses. Rec. doc. 58. The trial was continued. The Court's case manager is to hold a scheduling conference on February 24, 2011 to set a new date approximately six months after the March 21, 2011 date. Rec. doc. 74.

## MOTION TO COMPEL DISCOVERY

The plaintiffs report that two requests for production of documents and an integrated discovery request with interrogatories, requests for production and requests for admissions were served. The plaintiffs' memorandum raises issues with defendants' responses to this discovery.[3]

**This discovery order is applicable to both DirecTV and JPD unless otherwise noted.**

A.  Fed. R. Civ. P. 34(b)(2)(E)(1).

A party must produce documents as they are kept in the usual course of business or must

---

[3] The plaintiffs urge that defendants failed to comply with the protective order. This issue is related to defendants' motion for sanctions and will be considered with that motion.

organize and label them to correspond to the categories in the request. Fed. R. Civ. P. 34(b)(2)(E)(1). The plaintiffs contend that defendants failed to comply with this rule. The defendants do not respond to this issue.

DirecTV and JPD shall supplement their discovery responses by identifying the documents responsive to the categories in plaintiffs' requests by reference to the Bates numbers on the documents.

B. <u>Retaliation discovery</u>.

The plaintiffs refer to two e-mails dated March 15, 2010 which are reprinted on pages 3 and 4 of their memorandum in support of their motion to compel. These e-mails relate to plaintiffs' claims of retaliation. JPD responds that it has not been able to find any other documents, including e-mail, relating to the subject matter of the two e-mails.

DirecTV and JPD shall supplement their discovery responses by producing all documents relating to the e-mails of March 15, 2010 that are referred to on pages 3 and 4 of the plaintiffs' memorandum in support of their motion to compel. If there are no such documents, they shall: (a) state in writing and under oath that after a diligent search no such documents were found; and (b) identify the non-attorney individuals in charge of the search.

C. <u>Responses to requests for admission</u>.

The plaintiffs contend that JPD denied two requests for admission when they should be admitted. The requests are concerned with communications in 2010 from JPD to any person concerning the plaintiffs and "impeding them from doing work assignments on DirecTV customer sites." Rec. doc. 68 at 6.

JPD is not required to supplement its response. If the plaintiffs later prove the matters true,

they may move that JPD pay the reasonable expenses, including attorneys' fees, incurred in making that proof. Fed. R. Civ. P. 37(c)(2).

D.   Responses to interrogatories.

The plaintiffs contend that JPD failed to respond to interrogatory no. 1, which is related to the first two requests for admissions. If JPD denied the first two requests for admission, the interrogatory requests: (a) the facts upon which the denials were based; (b) the identity of the persons with knowledge of the facts; and (3) any documents supporting the answer. JPD answered interrogatory no. 1 by referring to its response to the first two requests for admissions.

JPD shall supplement its response to interrogatory no. 1 with the information sought in the interrogatory.

E.   Supplemental discovery responses.

The plaintiffs contend that DirecTV and JPD have not supplemented their discovery responses. Except as provided herein, the plaintiffs have not demonstrated that supplemental discovery responses are required. DirecTV and JPD are reminded of the circumstances in which they are required to supplement their discovery responses. See Fed. R. Civ. P. 26(e)(1).

F.   JPD's Rule 30(b)(6) deposition.

The plaintiffs seek JPD's Rule 30(b)(6) deposition. It responds that because of its acquisition by DirecTV, it has no representatives to designate. It urges that plaintiffs be required to take the depositions of former JPD employees before they take a Rule 30(b)(6) deposition.

Pursuant to Fed. R. Civ. P. 30(b)(6), the persons designated by a corporation to testify on its behalf "shall testify as to matters known or reasonably available to the organization." Id. In Resolution Trust Corp. v. Southern Union Co., Inc., 985 F.2d 196 (5th Cir. 1993) the Fifth Circuit

stated:

> Rule 30(b)(6) . . . places the burden of identifying responsive witnesses for a corporation on the corporation. Obviously, this presents a potential for abuse. . . When a corporation or association designates a person to testify on its behalf, the corporation appears vicariously through the agent. If that agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all.

985 F.2d at 197. The corporation's duty includes the requirement that it prepare the deponent adequately to testify on the corporation's behalf. See Quantachrome Corp. v. Micromeritics Instrument Corp., 189 F.R.D. 697, 699 (S.D. Fla. 1999).

In Jakob v. Champion International Corp., 2001 WL 1442514 (N.D.Ill.), a similar issue arose in an employment discrimination case. The plaintiffs' two supervisors were no longer employed by the defendant following a corporate acquisition and the sale of the division in which the plaintiff was employed. There was no one in the employ of the defendant who could testify with knowledge. Although the court acknowledged the plaintiff's right to take a corporate deposition, it required the plaintiff to first seek the depositions of the former supervisors before taking the corporate deposition.

JPD reports that it identified the former employees that could respond to the matters raised in plaintiffs' Rule 30(b)(6) deposition and it offered to coordinate the scheduling of their depositions. The plaintiffs shall be required to proceed first with the deposition of the former JPD employees on the condition that JPD accepts their testimony as the testimony of the corporation. If the plaintiffs require further information after the former employees are deposed, they can take JPD's Rule 30(b)(6) deposition.

G.  Sanctions.

The plaintiffs' request for sanctions in connection with their motion to compel discovery is

denied.

## MOTION FOR SANCTIONS AND ENFORCEMENT OF PROTECTIVE ORDER

As discussed above the defendants produced two e-mails dated March 15, 2010 which the plaintiffs copied verbatim in their memorandum in support of motion to continue trial (Rec. doc. 58 at 3-4) and their memorandum in support of their motion to compel (Rec. doc. 68 at 3-4). The plaintiffs contend that the two e-mails are not confidential documents and the defendants did not comply with the protective order. The defendants dispute this and contend the plaintiffs did not comply with the protective order.

When the defendants produced the e-mails on Friday, January 7, 2011, they were stamped confidential. Rec. doc. 71 at 2-3.[4] On Monday, January 10, 2011, the plaintiffs filed the motion for a continuance with the e-mail excerpted in the supporting memorandum and attached as an exhibit. Rec. doc. 54. The Clerk issued a notice of deficient document. The Clerk marked the e-mail (Exhibit D) as "Restricted." On Wednesday, January 12, 2011, there was an in-person conference, where the defendants explained why they marked the documents confidential. Rec. doc. 71 at 3. On that day, the plaintiffs filed a motion to seal their memorandum in support of the motion to continue and its supporting exhibits. Rec. doc. 57. On Friday, January 14, 2011, counsel for the defendants wrote to counsel for plaintiffs with an explanation for the confidentiality of the documents. Rec. doc. 71 (Exhibit 3). On that same day, the District Judge denied the motion to seal. The Court stated:

> [P]laintiffs have stated no reason why its memorandum or exhibits should be filed under seal. To the contrary, plaintiffs assert in their memorandum that the

---

[4] The plaintiffs report that all documents produced by the defendants were stamped confidential.

defendants have failed to specify the reasons why disclosure of the documents defendants produced . . . would be improper or unlawful.

Rec. doc. 56 at 1-2.  The Court added that, "[p]laintiffs must file their memorandum in the record if the Court is to consider it." Id. at 2.  On Monday, January 17, 2011, the plaintiffs re-filed their motion to continue trial.  Nothing was filed under seal.

Counsel for defendants presented two reasons for declaring the documents confidential: (1) they contain employment information for individuals that are not parties to the litigation; and (2) they contain information on business practices that would be beneficial to competitors of DirecTV and JPD.  These are not applicable to the e-mail.  They only refer to the plaintiffs in this action.  They do not describe trade secrets or other similar matters that would be of benefit to the defendants' competitors.  The March 15, 2010 e-mails were not properly designated as confidential.  It is not necessary to consider the other issues about the parties' compliance with the procedures in the protective order.

IT IS ORDERED as follows:

1. Plaintiffs' motion to compel discovery from JPD (Rec. doc. 68) is GRANTED in PART and DENIED in PART.

2. **Within fourteen (14) calendar days of the entry of this order**, DirecTV and JPD shall supplement their discovery responses as provided herein.  Supplemental responses to interrogatories shall be verified.

3. The defendants' motion for sanctions and enforcement of protective order (Rec. doc. 71) is DENIED.

New Orleans, Louisiana, this 3rd day of February, 2011.

**SALLY SHUSHAN**
**United States Magistrate Judge**