UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**CHRISTIAN LANG, et al**                                   **CIVIL ACTION**

**VERSUS**                                                  **NO: 10-1085-SSV-SS**

**DIRECTV, INC., et al**

### ORDER

DEFENDANTS' MOTION TO COMPEL (Rec. doc. 155)

**GRANTED IN PART AND DENIED IN PART**

The defendants, DirecTV, Inc. and JP&D Digital Satellite Systems, Inc., seek an order compelling discovery from the opt-in plaintiffs and requiring all of them to appear for their depositions in New Orleans. This relief will be granted. They also seek costs for bringing the motions. The request for sanctions will be denied.

The defendants' motion to compel was filed before the District Judge's status conference on July 25, 2011. Deadlines were set for the resolution of plaintiffs' motions for conditional certification and class certification. The trial was set for August 20, 2012. The parties were ordered to submit a schedule with deadlines for notice periods, discovery dates, and deadlines for filing dispositive motions. Rec. doc. 164. The plaintiffs report that the discovery plan has not been completed. They suggest that the plaintiffs supplement their responses seven days in advance of a claimant's deposition to make the production as current as possible. Rec. doc. 163 at 4. The plaintiffs oppose the request that all opt-ins be required to appear in New Orleans for their depositions.

It has been necessary to order the plaintiffs to provide discovery to the defendants on at least four occasions. On March 29, 2011, the plaintiffs, Christian Lang and Larry Tucker, were order to provide discovery to defendants. Rec. doc. 125. On April 28, 2011, the plaintiff, Edward Dwayne Humphrey, was ordered to provide discovery to defendants. Rec. doc. 139. On July 5, 2011, the plaintiff, Gary Smith, and his counsel were ordered to provide discovery within specific deadlines. Rec. doc. 146. They failed to comply with the order. Counsel for plaintiffs acknowledged that it was his responsibility. Rec. doc. 169 at 2. On July 27, 2011, there was a further order regarding discovery from Smith. Rec. doc. 167. The plaintiffs' suggestion that they not supplement their discovery responses until seven days before a deposition is unworkable. There is no basis to conclude that plaintiffs will comply with such a deadline. At that point the only remedy is to continue the deposition which may delay the matter. The opt-in claimants will be required to provide discovery responses promptly with declarations that they have diligently searched for information responsive to the discovery requests.

The defendants contend that the opt-in plaintiffs should be required to appear for their depositions in New Orleans and cite Williams v. Sprint/United Management Company, 2006 WL 1867471 (D. Kan.). The plaintiffs' request for an order requiring out-of-town opt-ins to be deposed telephonically was denied. The court stated that, "[a]bsent a specific showing of hardship tied to an individual's circumstances, a general order requiring that the depositions of out-of-town plaintiffs be taken telephonically is not warranted. Id. at *3 (citations omitted). The plaintiffs in the instant action have not submitted any such hardship information. With the persistent discovery problems in this action and the absence any hardship information tied to an individual's circumstances, the opt-in plaintiffs will be required to come to New Orleans for their depositions.

IT IS ORDERED as follows:

1. The defendants' motion to compel (Rec. doc. 155) is granted in part and denied in part.

2. By **Monday, September 19, 2011**, the opt-in plaintiffs shall fully respond to defendants' written discovery. All interrogatories shall be answered under oath as required by Fed. R. Civ. P. 33(b)(3). Each opt-in plaintiff shall provide a declaration that after a diligent search all responsive documents in his or her possession, custody, or control were produced.

3. All plaintiffs, including the opt-in plaintiffs, shall supplement their discovery responses as required by Fed. R. Civ. P. 26(e).

4. By **Monday, September 12, 2011**, counsel for plaintiffs and counsel for defendants shall agree on a deposition schedule for the depositions of the opt-in plaintiffs in New Orleans.

5. The requests for sanctions is denied

New Orleans, Louisiana, this 18th day of August, 2011

**SALLY SHUSHAN**
**United States Magistrate Judge**