# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**CHRISTIAN LANG, et al**  CIVIL ACTION

**VERSUS**  NO: 10-1085-NJB-SS

**DIRECTV, INC., et al**

## REPORT AND RECOMMENDATION

On October 4, 2011, there was a telephone discovery conference. The plaintiffs were ordered to provide certain discovery. Stephen Francis, an opt-in plaintiff, was ordered to comply with the order. If he did not comply, the defendant was ordered to file a motion seeking a report and recommendation that his claim be dismissed with prejudice for failure to prosecute and to comply with the order. Rec. doc. 197. The defendant, DIRECTV, Inc., seeks the dismissal of Stephen Francis with prejudice.[1]

The defendant also seeks the dismissal of the claims of Droslos Galouzis ("Galouzis") with prejudice. On August 18, 2011, the defendant's motion to compel was granted. The opt-in plaintiffs were ordered to respond to defendant's discovery by September 19, 2011. Rec. doc. 176. On September 26, 2011, the plaintiffs moved to dismiss Galouzis. The motion was set for hearing before the District Judge. Rec. doc. 186. The defendant filed an opposition. Rec. doc. 196. The motion to dismiss remains pending.

On November 15, 2011, the defendant filed its motion seeking a report and recommendation that the claims of Stephen Francis and Galouzis be dismissed with prejudice. Rec. doc. 208. The

---

[1] At the October 4, 2011 conference, the plaintiffs referred to him as Francis Andrews. Rec. doc. 197 at 2, n.3. The defendant now refers to him as Stephen Francis.

motion is unopposed and it has merit.[2]  It will be granted as to Stephen Francis.  The status of Galouzis is pending before the District Judge.  If the plaintiffs' motion to dismiss Galouzis is denied, the defendant may re-urge its motion for a report and recommendation as to Galouzis.

## RECOMMENDATION

Accordingly, IT IS RECOMMENDED that: (1) the motion of the defendant for a report and recommendation to dismiss the claims of Drosos Galouzis and Stephen Francis with prejudice (Rec. doc. 208) be GRANTED in PART and DENIED in PART with right to re-urge; and (2) the claims of Stephen Francis be dismissed with prejudice.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 2nd day of December, 2011.

                                             **SALLY SHUSHAN**
                                             **United States Magistrate Judge**

---

[2]  The authority of a federal trial court to dismiss a plaintiff's action because of his failure to prosecute is clear. See Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962).  Fed. R. Civ. P. 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court.  Larson v. Scott, 157 F.3d 1030, 1032 (5th Cir. 1998).  A Rule 41(b) dismissal is considered to be an adjudication on the merits.  Edwards v. City of Houston, 78 F.3d 983, 994 (5th Cir. 1996).