UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHRISTIAN LANG, et al. | § | CIVIL ACTION NO. 10-1085 "G"(1) |
| | § | |
| V. | § | JUDGE NANNETTE JOLIVETTE |
| | § | BROWN |
| DIRECTV, INC., JP&D DIGITAL | § | |
| SATELLITE SYSTEMS, INC., and | § | MAGISTRATE JUDGE SALLY |
| MODERN DAY SATELLITE | § | SHUSHAN |
| | § | |

**ORDER AND REASONS**

Before the Court is Plaintiff Drosus Galouzis's Motion to Withdraw Without Prejudice.[1] Defendants filed their opposition on October 4, 2011,[2] seeking to convert Plaintiff Galouzis's motion to a Motion to Dismiss, such that Plaintiff Galouzis would be dismissed *with* prejudice. Having considered the motion, the response, the record, and the applicable law, for the following reasons, the Court will dismiss Plaintiff Galouzis without prejudice, on the condition that should he choose to refile these claims again, he must provide to Defendants all previously requested discovery materials within ten (10) days of when any such complaint is filed.

---

[1] Rec. Doc. No. 186.

[2] Rec. Doc. No. 196.

## I.  Background

In this matter, Plaintiffs seek to bring a collective action under the Fair Labor Standards Act ("FLSA"),[3] alleging that DirectTV, Inc. ("DirecTV") and JP&D Digital Satellite Systems, Inc. ("JP&D") (collectively "Defendants") engaged in violations of minimum wage, overtime, retaliation, and record-keeping laws.  Plaintiffs also allege retaliation in violation of Section 216 of the FLSA. Further, Plaintiffs bring a class action for alleged violations of the Louisiana Wage Payment Act ("LWPA").  Plaintiff Drosos Galouzis is one of several individuals who opted-in to this action prior to the granting of conditional class certification.  Galouzis opted-in to the action on March 3, 2011.[4]

On August 18, 2011, Magistrate Judge Shushan granted a Motion to Compel by Defendants, noting that "[i]t has been necessary to order the plaintiffs to provide discovery to the defendants on at least four occasions."[5]  Instead of complying with his discovery obligations, on September 26, 2011, Galouzis filed the Motion to Withdraw Without Prejudice[6] now before this Court.  Defendants filed their opposition to this motion on October 4, 2011.[7]

On October 4, 2011, a telephone discovery conference was held before Magistrate Judge Shushan; again at issue was the failure of several plaintiffs to comply with previous discovery orders. In the Minute Entry for that conference, Magistrate Judge Shushan ordered Plaintiffs to produce certain discovery material in compliance with "this order and with the court's prior order of August

---

[3] 29 U.S.C. § 201, *et seq.*

[4] Rec. Doc. No. 110.

[5] Order, Rec. Doc. No. 176 at p. 2.

[6] Rec. Doc. No. 186.

[7] Rec. Doc. No. 196

18, 2011."[8]  Further, the Minute Entry states:

> Counsel for plaintiffs shall advise their clients orally and in writing that any failure to comply with this order may result in a report and recommendation that their claims be dismissed <u>with prejudice</u>.[9]

The Minute Entry also specifically declared an October 19, 2011 deadline for Plaintiff Andrew Francis, an opt-in, to comply with the order.[10]  The Minute Entry further stated that Defendants should file a motion for a Report and Recommendation to dismiss Francis' claims "<u>with prejudice</u> for failure to prosecute and to comply with the order of the Court" if he did not comply by the October 19 deadline.[11]  The Minute Entry did not *specifically* outline such a deadline for Plaintiff Galouzis as it did for Francis, but Galouzis was included within the general requirement to comply with the order or else have his claims dismissed with prejudice.

Galouzis still has not complied with the court's order to "(1) serve verified discovery responses, (2) submit a declaration that he had produced all documents in his possession, and (3) appear for a deposition,"[12] despite numerous requests and a Motion to Compel by DirecTV and JP&D.  Defendants maintain that they have "expended significant time and resources in an attempt to compel Mr. Galouzis to comply with his discovery obligations,"[13] and Galouzis is currently in violation of the August 18, 2011 Court Order, as well as the October 4, 2011 Court Order.

Defendants filed a Motion for a Report and Recommendation to Dismiss the Claims of

---

[8] Rec. Doc. No. 197 at pp.1-2.

[9] *Id.* at p. 2.

[10] *Id.*

[11] *Id.*

[12] Opposition to Motion, Rec. Doc. No. 196 at p. 2 (citing Order, Rec. Doc. No. 176 at p. 3).

[13] Opposition to Motion to Withdraw, Rec. Doc. No. 196 at p. 7.

Drosos Galouzis and Stephen Francis With Prejudice on November 15, 2011.[14]  On December 2, 2011, Magistrate Judge Shushan filed a Report and Recommendation[15] and on December 5, 2011, Magistrate Judge Shushan filed an Amended Report and Recommendation[16] on the Motion to Dismiss the Claims of Galouzis and Francis.  In the Report and Recommendation, as amended, Magistrate Judge Shushan recommended that the claims of Francis be dismissed with prejudice but recommended denial of the Motion for a Report and Recommendation as to Galouzis because of the pending Motion to Withdraw considered here.  This Court adopted the Report and Recommendation, as amended, as its own opinion on December 29, 2011,[17] thus leaving unanswered the question of whether Galouzis would be allowed to withdraw without prejudice or whether the Court would grant a dismissal with prejudice of his claims.

In the motion to withdraw, Plaintiff argues that the Court has broad discretion to allow Galouzis to withdraw without prejudice under Federal Rule of Civil Procedure 41.  Additionally, Plaintiff argues that withdrawal without prejudice is the favored and appropriate remedy.  Plaintiff, however, cites no authority for these propositions.

Defendants argue that Galouzis' dismissal should be analyzed under an involuntary dismissal standard,[18] rather than a voluntary dismissal standard[19] because Galouzis has failed to comply with court orders.  Furthermore, according to Defendants, Galouzis would not be prejudiced by a

---

[14] Rec. Doc. No. 208.

[15] Rec. Doc. No. 222.

[16] Rec. Doc. No. 225.

[17] Rec. Doc. No. 244.

[18] Fed. R. Civ P. 41(b).

[19] Fed R. Civ. P. 41(a)(2).

dismissal with prejudice, since he has indicated that he does not wish to pursue his claims further.[20] Additionally, Defendants argue that they will suffer prejudice if Galouzis is allowed to withdraw without prejudice because such a dismissal would allow Galouzis "to avoid a potentially adverse ruling and refile a separate action."[21] Accordingly, Defendants request that the Motion to Withdraw be converted into a Motion to Dismiss and that Galouzis' claims be dismissed with prejudice.

## II.  Law and Analysis

Dismissal of actions is governed by Federal Rule of Civil Procedure 41.  Under the Federal Rules, a plaintiff may voluntarily dismiss his case by right under certain circumstances.[22]  However, when the opposing party has already served an answer or a motion for summary judgment but all parties have not stipulated to dismissal, under Rule 41(a)(2), the plaintiff must seek court order to dismiss the action.[23]  "[U]nless the notice or stipulations states otherwise," such a dismissal is without prejudice.[24]

Dismissal, however, may also be involuntary; Rule 41(b) states, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."[25]  A dismissal under Rule 41(b) is with prejudice and "operates as an

---

[20] "[Galouzis] has indicated to undersigned counsel he does not wish to undertake the burdens of pursuing his claims and desired [sic] to withdraw his prior consent to join."  Memorandum in Support of Motion to Withdraw, Rec. Doc. No. 186-2 at p. 1.

[21] Opposition to Motion to Withdraw, Rec. Doc. No. 196 at p. 7.

[22] Fed. R. Civ. P. 41(a)(1)(A).

[23] Fed. R. Civ. P. 41(a)(2).

[24] Fed. R. Civ. P. 41(a)(1)(B).

[25] Fed. R. Civ. P. 41(b).

adjudication on the merits" unless the dismissal order states otherwise.[26]  However, although a court

has "inherent power" to dismiss an action,[27] the Supreme Court has determined that dismissal for

failure to comply with a discovery order lies exclusively in Rule 37, rather than in Rule 41(b):

> In our opinion, whether a court has power to dismiss a complaint because of
> noncompliance with a production order depends exclusively upon Rule 37, which
> addresses itself with particularity to the consequences of a failure to make discovery
> by listing a variety of remedies which a court may employ as well as by authorizing
> any order which is 'just.'  There is no need to resort to Rule 41(b) . . . .[28]

Because Defendants previously filed an answer in this cause, Plaintiff Galouzis may no

longer voluntarily dismiss his claim by right.  At issue is whether his claims should be dismissed

under Rule 41(a)(2), and whether his claims should be dismissed without prejudice, the default

though not mandatory position for a Rule 41(a)(2) dismissal.  Additionally and alternatively, because

Plaintiff violated a court order involving *discovery obligations*, this Court must consider whether

Galouzis' claims should be dismissed under Rule 37, not Rule 41(b) as Defendants argue, and if so,

whether the claims should be dismissed with or without prejudice.

### A.  Rule 41(a)(2) Dismissal

Dismissal on motion under Rule 41(a)(2) "is within the sound discretion of the trial court"

---

[26] *Id.  See also, Weissinger v. United States*, 423 F.2d 795, 798-99 (5th Cir. 1970) (en banc).

[27] *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (holding that the district court had power to dismiss an action *sua sponte* and without notice where there was a failure to prosecute); *see also, McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (a district court has *sua sponte* authority to dismiss an action for failure to prosecute or for failure to comply with any court order).

[28] *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 207 (1958).

and will be reviewed only for abuse of discretion.[29]   However, a dismissal without prejudice generally should only be granted when it will not result in prejudice to the other party,[30] and the court "should keep in mind the interests of the defendant, for it is his position which should be protected."[31]   "The primary purpose of Rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."[32]   Accordingly, the court may condition the dismissal so as to prevent prejudice.[33]   Generally, dismissal should be allowed except where the defendant "will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."[34]   The mere annoyance of second litigation on the same subject matter does not constitute plain legal prejudice.[35]   Even the avoidance of a tactical advantage, such as a

---

[29] 9 C. Wright & A. Miller, Federal Practice & Procedure § 2364 (3d ed.2002); *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1274-75 (5th Cir. 1990); *Diamond v. United States*, 267 F.2d 23 (5th Cir. 1959).

[30] 9 C. Wright & A. Miller, Federal Practice & Procedure § 2364 (3d ed.2002).

[31] *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976).

[32] *Elbaor v. Tripath Imaging Inc.,* 279 F.3d 314, 317 (5th Cir. 2002).

[33] *Templeton*, 901 F.2d at 1274; *LeCompte,* 528 F.2d at 604 ("Allowing the court to attach conditions to the order of dismissal prevents defendants from being unfairly affected by such dismissal."); *Scioneaux v. Monsanto Co.*, 2001 WL 1104632 at *2 (E.D. La. Sept. 19, 2001) (Fallon, J.) ("To alleviate any potential harm or prejudice to defendants, courts commonly impose conditions on voluntary dismissals.") (citing *LeCompte,* 528 F.2d at 604 ); *G.W. Equity, LLC v. Vercor, LLC*, 2008 WL 4392661 (N.D. Tex. Sept. 25, 2008) (accepting and adopting the Findings and Recommendation of the Magistrate Judge conditioning dismissal upon the requirement that plaintiff provide previously ordered discovery materials within ten days of filing any subsequent lawsuit).

[34] *Holiday Queen Land Corp. v. Baker*, 489 F.2d 1031, 1032 (5th Cir. 1974) (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366 (5th Cir. 1967)); *see also,* 9 C. Wright & A. Miller, Federal Practice & Procedure § 2364 (3d ed.2002).

[35] *Holiday Queen*, 489 F.2d at 1032 (reversing district court's denial of voluntary dismissal without prejudice where defendant suffered minimal expense, there was no legal prejudice beyond the prospect of a second lawsuit, and defendant would not lose any substantial rights by dismissal).

potential adverse result, may not be a bar to dismissal under Rule 41(a)(2).[36]

Nonetheless, in exercising its discretion, the court should consider expenses that have been incurred prior to the motion, as well as any inconvenience the defendant might suffer as a result.[37] When a defendant has already expended significant time and effort, the district court may utilize its discretion and refuse to grant voluntary dismissal.[38] Accordingly, serious prejudice to the defendant may serve as a basis for the court to deny a request for voluntary dismissal,[39] and the court should not turn a blind eye to meritorious arguments by defendants that would result in dismissal with prejudice.[40]

## B. *Rule 37 Dismissal*

Rule 37 provides that a court "may issue further just orders" when a party "fails to obey an order to provide or permit discovery."[41]   One provided remedy is "dismissing the action or

---

[36] *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172 (5th Cir. 1990); *Templeton*, 901 F.2d 1273; *Durham*, 385 F.2d 366; *Standard Nat'l Ins. Co. v. Bayless*, 272 F.2d 185 (5th Cir. 1959). *See also,* 9 C. Wright & A. Miller, Federal Practice & Procedure § 2364 (3d ed.2002).

[37] *Crawley, L.L.C. v. Trans-Net, Inc.*, 394 Fed. Appx. 76, 79 (5th Cir. 1010) (considering time and effort expended and finding defendant not prejudiced by voluntary dismissal); 9 C. Wright & A. Miller, Federal Practice & Procedure § 2364 (3d ed.2002).

[38] *Oxford v. Williams Cos., Inc.*, 154 F. Supp. 2d 942, 952 (E.D. Tex. 2001) (refusing to grant voluntary dismissal where the dismissal request involved "purely practical considerations" unrelated to the merits of the plaintiffs' claims and would have prejudiced defendants, particularly in light of defendants' pending meritorious dispositive motion); *see also,* 9 C. Wright & A. Miller, Federal Practice & Procedure § 2364 (3d ed.2002).

[39] *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352 (5th Cir. 1990) (no abuse of discretion to deny motion for voluntary dismissal without prejudice where dismissal was sought ten months after removal and hearings and significant discovery had been conducted). *See also,* 9 C. Wright & A. Miller, Federal Practice & Procedure § 2364 (3d ed.2002).

[40] *Oxford*, 154 F.Supp. 2d at 953 ("the defendants are entitled to having their dispositive summary judgment motion determined first").

[41] Fed. R. Civ. P. 37(b)(2)(A).

proceeding in whole or in part," although various lesser sanctions are also enumerated.[42]  Rule 37

does not specify whether dismissal is presumed with or without prejudice, but courts have cautioned

that the use of dismissal "must be tempered by a careful exercise of judicial discretion" because it

is "the most severe sanction that a court may apply."[43]  Dismissal with prejudice "should be reserved

for the most egregious of cases," but prejudice to the defendant arising from plaintiff's failure to

comply with discovery obligations is an aggravating factor that can bolster the decision to dismiss

with prejudice.[44]


### C.  Dismissal of Plaintiff Galouzis

Here, Defendants allege no prejudice beyond the prospect of a second lawsuit, were the Court

to grant Plaintiff's request for voluntary dismissal.  Defendants only allege prejudice in that Plaintiff

seeks to "avoid a potentially adverse ruling and refile a separate action.[45]  Accordingly, there is no

plain legal prejudice to Defendants if Galouzis' claims are dismissed without prejudice under Rule

41(a)(2).  Defendants have incurred considerable expense due to Plaintiff Galouzis' failure to comply

with discovery, including Galouzis' failure to follow court orders mandating his compliance with

discovery, and Defendants have been forced to defend a lawsuit without adequate information

regarding several plaintiffs.  They have been forced to file motions to compel in hopes of receiving

---

[42] Fed. R. Civ. P. 37(b)(2)(A)(v).

[43] *Durgin v. Graham*, 372 F.2d 130, 131 (5th Cir. 1967) (finding the sanction of dismissal warranted where plaintiffs never appeared).

[44] *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982); *see also,* 9 C. Wright & A. Miller, Federal Practice & Procedure § 2364 (3d ed.2002).

[45] Opposition to Motion to Withdraw, Rec. Doc. No. 196 at p. 7.

necessary information.  Nonetheless, Defendants have had to take this action against multiple plaintiffs, not only against Galouzis, and the motions to compel were not filed separately against each plaintiff who was not in compliance with discovery obligations.  As a result, Defendants did not incur these expenses specifically because of Plaintiff Galouzis.  Furthermore, only the August 18, 2011 Order granting the Motion to Compel was filed prior to the filing of Galouzis' Motion to Withdraw Without Prejudice.  It would be unfair to hold against Galouzis the October 4, 2011 Minute Entry ordering compliance with discovery and specifically threatening dismissal with prejudice for failure to comply, given that this order was filed after Galouzis had requested to be voluntarily dismissed.

This Court has great discretion to grant or deny Plaintiff's Motion to Withdraw Without Prejudice, but the law is clear that generally a court should allow voluntary dismissal where there is no clear legal harm to the defendant other than the mere threat of another lawsuit.  There being no legal harm here other than the avoidance of an adverse action and the prospect of a second lawsuit, the Court will grant Plaintiff Galouzis' Motion to Withdraw Without Prejudice.  The Court notes that Defendants were not substantially prejudiced by the costs incurred in attempting to force Plaintiff Galouzis to comply with discovery because he was but one of several plaintiffs included within the motions.  However, in light of the expenses incurred by Defendant stemming from Plaintiff's failure to comply with discovery orders, the Court will exercise its discretion to condition the dismissal by ordering that if Plaintiff Galouzis elects to refile the lawsuit, he must produce to the defendants all previously ordered discovery material within ten (10) days of filing.  In this way, Defendants will not again be subjected to the costs and time expenditures of forcing Plaintiff Galouzis to comply with his discovery obligations.

### III.  Conclusion

For the reasons set forth above,

**IT IS ORDERED** that Plaintiff Drosos Galouzis' Motion to Withdraw Without Prejudice

is **GRANTED** and that Plaintiff Galouzis is **DISMISSED WITHOUT PREJUDICE**, with the

condition that should Plaintiff Galouzis elect to refile these claims, he must provide to Defendants

all previously ordered discovery material within ten (10) days of filing any subsequent complaint.

**NEW ORLEANS, LOUISIANA**, this _ 6th _ day of March, 2012.


**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

11