UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTIAN LANG, et al.                        CIVIL ACTION

VERSUS                                        NO. 10-1085

DIRECTV, INC., et al.                         SECTION: "G"(1)

ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Dismiss Louisiana Wage Payment Act Claims Without Prejudice.[1]  Defendants oppose the dismissal being granted without prejudice.  Having considered the motion, the response, the record, and the applicable law, for the following reasons, the Court will grant the motion and will dismiss Plaintiffs' Louisiana Wage Payment Act Claims without prejudice.

I. Background

This case was removed to this Court from the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, on April 9, 2010.[2]  The case involves a conditionally certified collective action brought under the Fair Labor Standards Act ("FLSA"),[3] in which Plaintiffs have alleged that the remaining defendants DirectV, Inc. and JP&D Digital Satellite Systems, Inc. (collectively, "Defendants") engaged in violations of minimum wage, overtime, retaliation, and

---

[1] Rec. Doc. 268.

[2] Rec. Doc. 1.

[3] 29 U.S.C. § 201, *et seq.*

record-keeping laws.  Plaintiffs have also alleged violations of the Louisiana Wage Payment Act[4] ("LWPA") and originally brought  a motion to certify a class action on those claims under Federal Rule of Civil Procedure 23.  The motion for conditional certification of a collective action under the FLSA was filed on April 6, 2011[5] and later granted by this Court on December 30, 2011.[6]  The motion to certify a Rule 23 class action was filed on July 19, 2011,[7] but that motion was withdrawn by Plaintiffs on April 17, 2012[8]; Plaintiffs by that time had already filed the pending motion to dismiss the LWPA claims on which the class action was to based.

The pending motion was filed on March 29, 2012, and therein Plaintiffs seek to withdraw their LWPA claims without prejudice.[9]  On April 17, 2012, Defendants filed their opposition to the motion, arguing that Plaintiffs' claims, if dismissed, should be dismissed with prejudice.[10] Specifically, Defendants argue that they would be unfairly prejudiced if this motion is dismissed without prejudice.[11]

## II. Law and Analysis

Dismissal of actions is governed by Federal Rule of Civil Procedure 41.  Under the Federal

---

[4] La. R.S. § 23:631, *et seq.*

[5] Rec. Doc. 126.

[6] Rec. Doc. 245.

[7] Rec. Doc. 153.

[8] Rec. Doc. 273.

[9] Rec. Doc. 268.

[10] Rec. Doc. 274.

[11] *Id.* at p. 1.

Rules, a plaintiff may voluntarily dismiss his case by right under certain circumstances.[12]  However, when the opposing party has already served an answer or a motion for summary judgment but all parties have not stipulated to dismissal, under Rule 41(a)(2), the plaintiff must seek court order to dismiss the action.[13]  "Unless the notice or stipulation states otherwise," such a dismissal is without prejudice.[14]

Dismissal on motion under Rule 41(a)(2) "is within the sound discretion of the trial court" and will be reviewed only for abuse of discretion.[15]  However, a dismissal without prejudice generally should only be granted when it will not result in prejudice to the other party,[16] and the court "should keep in mind the interests of the defendant, for it is his position which should be protected."[17]  "The primary purpose of Rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."[18]  Accordingly, the court may condition the dismissal so as to prevent prejudice.[19]  Generally, dismissal should be

---

[12] Fed. R. Civ. P. 41(a)(1)(A).

[13] Fed. R. Civ. P. 41(a)(2).

[14] Fed. R. Civ. P. 41(a)(1)(B).

[15] 9 C. Wright & A. Miller, Federal Practice & Procedure § 2364 (3d ed.2002); *see Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1274-75 (5th Cir. 1990); *Diamond v. United States*, 267 F.2d 23 (5th Cir. 1959).

[16] 9 C. Wright & A. Miller, Federal Practice & Procedure § 2364 (3d ed.2002).

[17] *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976).

[18] *Elbaor v. Tripath Imaging Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).

[19] *Templeton*, 901 F.2d at 1274;  *LeCompte*, 528 F.2d at 604 ("Allowing the court to attach conditions to the order of dismissal prevents defendants from being unfairly affected by such dismissal."); *Scioneaux v. Monsanto Co.*, No. 01-1714, 2001 WL 1104632, at *2 (E.D. La. Sept. 19, 2001) (Fallon, J.) ("To alleviate any potential harm or prejudice to defendants, courts commonly impose conditions on voluntary dismissals.") (citing *LeCompte*, 528 F.2d at 604); *G.W. Equity, LLC v. Vercor, LLC*, No. 07-1128, 2008 WL 4392661 (N.D. Tex. Sept. 25, 2008) (accepting and adopting the Findings and Recommendation of the Magistrate Judge conditioning dismissal upon the requirement that plaintiff provide previously ordered discovery materials within ten days of filing any subsequent lawsuit).

allowed except where the defendant "will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."[20]  The mere annoyance of second litigation on the same subject matter does not constitute plain legal prejudice.[21]  Even the avoidance of a tactical advantage, such as a potential adverse result, may not be a bar to dismissal under Rule 41(a)(2).[22]

Nonetheless, in exercising its discretion, the court should consider expenses that have been incurred prior to the motion, as well as any inconvenience the defendant might suffer as a result.[23] When a defendant has already expended significant time and effort, the district court may utilize its discretion and refuse to grant voluntary dismissal.[24]  Likewise, "[i]mportant in assessing prejudice is the stage at which the motion to dismiss is made.  Where the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court *may*, in its discretion, refuse to grant voluntary dismissal."[25]

---

[20]  *Holiday Queen Land Corp. v. Baker*, 489 F.2d 1031, 1032 (5th Cir. 1974) (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366 (5th Cir. 1967)); *see also* 9 C. Wright & A. Miller, Federal Practice & Procedure § 2364 (3d ed.2002).

[21]  *Holiday Queen*, 489 F.2d at 1032 (reversing district court's denial of voluntary dismissal without prejudice where defendant suffered minimal expense, there was no legal prejudice beyond the prospect of a second lawsuit, and defendant would not lose any substantial rights by dismissal).

[22]  *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172 (5th Cir. 1990); *Templeton*, 901 F.2d 1273; *Durham*, 385 F.2d 366; *Standard Nat'l Ins. Co. v. Bayless*, 272 F.2d 185 (5th Cir. 1959); *see also* 9 C. Wright & A. Miller, Federal Practice & Procedure § 2364 (3d ed.2002).

[23]  *Crawley, L.L.C. v. Trans-Net, Inc.*, 394 Fed. Appx. 76, 79 (5th Cir. 2010) (considering time and effort expended and finding defendant not prejudiced by voluntary dismissal); 9 C. Wright & A. Miller, Federal Practice & Procedure § 2364 (3d ed.2002).

[24]  *Oxford v. Williams Cos., Inc.*, 154 F. Supp. 2d 942, 952 (E.D. Tex. 2001) (refusing to grant voluntary dismissal where the dismissal request involved "purely practical considerations" unrelated to the merits of the plaintiffs' claims and would have prejudiced defendants, particularly in light of defendants' pending meritorious dispositive motion); *see also* 9 C. Wright & A. Miller, Federal Practice & Procedure § 2364 (3d ed.2002).

[25]  *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 361 (5th Cir. 1990) (emphasis added) (finding no abuse of discretion in the denial of a motion for voluntary dismissal without prejudice where dismissal was sought ten months after removal and hearings and significant discovery had been conducted); *see also Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991) (finding no abuse of

Here, Defendants do not allege any prejudice beyond the costs of defending a potential second lawsuit if the Court grants Plaintiffs' request for voluntary dismissal without prejudice.[26] Defendants argue that they have expended substantial resources in defending this lawsuit and that they would be unfairly prejudiced if forced to incur these expenses again after having already litigated this case over a two-year period.  Defendants also note that this motion comes late in the litigation and argue that a dismissal at this stage should be granted only with prejudice.  However, this case is in a unique procedural posture because it originally proceeded simultaneously as a potential FLSA collective action and as a potential Rule 23 class action on the LWPA claims.  As a result, expenses incurred in defending against the LWPA claims largely overlapped with those incurred in defending the FLSA claims; these expenses would have been incurred nonetheless. Therefore, this Court holds that these expenses do not alone create substantial prejudice to Defendants as would necessitate this Court to refuse to grant voluntary dismissal without prejudice.

Furthermore, although this motion comes late in the litigation, the parties themselves previously agreed to focus on the FLSA claims before turning attention to the LWPA claims,[27] and there is no evidence that Plaintiffs delayed with improper motive on filing the pending motion.  The Court *may*, but is not required to, refuse dismissal where a motion comes late in the litigation, and

---

discretion in the denial of a motion for voluntary dismissal without prejudice where dismissal was sought more than a year after removal, the parties had engaged in significant motions practice, and the magistrate judge had "considered the case and issued a comprehensive recommendation that was adverse to [plaintiff's] position."); 9 C. Wright & A. Miller, Federal Practice & Procedure § 2364 (3d ed.2002).

[26] Defendants have also argued that the pending motion was filed in an attempt to avoid a potentially adverse decision on their motion to certify class for LWPA claims.  However, not only is the avoidance of a tactical advantage, such as a potential adverse result, not necessarily a bar to dismissal under Rule 41(a)(2), but also Plaintiffs have withdrawn their motion to certify class for LWPA claims.  Therefore, this argument is of no consequence.

[27] During a status conference with the Court on October 26, 2011, Plaintiffs agreed to re-urge their Rule 23 motion within 90 days from the Court's ruling on the FLSA conditional certification motion.  *See* Rec. Doc. 206.

5

the Court finds no substantial prejudice in granting dismissal without prejudice here, particularly given that there is no plain legal prejudice to Defendants if Plaintiffs' LWPA claims are dismissed without prejudice under Rule 41(a)(2).

### III. Conclusion

This Court has great discretion to grant or to deny Plaintiff's Motion to Dismiss Louisiana Wage Payment Act Claims Without Prejudice, but the law is clear that generally a court should allow voluntary dismissal where there is no clear legal harm to the defendant other than the mere threat of another lawsuit. The expenses incurred in defending these claims were simultaneously incurred in defending claims still advanced before this Court, and there is no legal harm here other than the mere prospect of a second lawsuit. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Dismiss Louisiana Wage Payment Act Claims Without Prejudice[28] is **GRANTED** and Plaintiffs' Louisiana Wage Payment Act Claims are **DISMISSED WITHOUT PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this ___22nd___ day of May, 2012.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[28] Rec. Doc. 268.

6