UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTIAN LANG, et al.                          CIVIL ACTION

VERSUS                                          NO. 10-1085

DIRECTV, INC., et al.                           SECTION: "G"(1)

<u>ORDER AND REASONS</u>

Before the Court is Plaintiffs' Motion to Enforce Prior Orders,[1] wherein Plaintiffs allege that Defendant DirecTV, Inc. ("DirecTV") has delivered a deficient initial class list and failed to produce all information in its possession in violation of this Court's order regarding the procedure for dissemination of the parties' joint notice to potential members of the collective action.[2]  Having considered the motion, the response, the additional memoranda submitted, the record, and the applicable law, for the following reasons, the Court will deny the motion but will order DirecTV to work with its Home Service Providers ("HSPs") to ensure accuracy and will order DirecTV to certify to the Court, within thirty (30) days of this order, what DirecTV has done to comply with this and the Court's May 31, 2012 orders.  Additionally, the Court will order Plaintiffs to certify to the Court, within thirty (30) days of this order, what Plaintiffs have done to meet their obligations under the Court's May 31, 2012 order.  Further, the Court will order Defendants to inform this Court, within thirty (30) days of this order, what responses were received from DirecTV contractors as a result of the letter sent to them by DirecTV's Associate General Counsel.[3]

---

[1] Rec. Doc. 288.

[2] Rec. Doc. 277.

[3] *See* Rec. Doc. 288-7.

1

## I. Background

This case was removed to this Court from the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, on April 9, 2010.[4]  The case involves a conditionally certified collective action brought under the Fair Labor Standards Act ("FLSA"),[5] in which Plaintiffs have alleged that the remaining defendants DirectTV, Inc. and JP&D Digital Satellite Systems, Inc. (collectively, "Defendants") engaged in violations of minimum wage, overtime, retaliation, and record-keeping laws.

On May 31, 2012, this Court entered an order outlining the procedure for dissemination of the parties' joint notice to potential members of the collective action.[6]  Specifically, the order set forth a two-step process.  In the first step, DirecTV was directed to provide an initial class list to Plaintiffs, listing "information within DirecTV's possession: name, address, telephone number, tech number(s), and date of birth."[7]  The order noted that "[i]f necessary, DirecTV shall work with its Home Service Providers and other affiliated entities to ensure the information is accurate and updated."[8]  Plaintiffs' Third Party Administrator was then to perform an advanced address search using the information provided and then to disseminate the approved Notice and Consent to Join forms to potential class members.[9]  Procedures and time periods for dissemination were set forth in

---

[4] Rec. Doc. 1.

[5] 29 U.S.C. § 201, *et seq.*

[6] Rec. Doc. 277.

[7] *Id.* at ¶ 2.  By consent of the parties, the order was subsequently amended to include e-mail addresses within the information to be provided.  *See* Rec. Docs. 279 and 280.  For ease of reference, the Court will refer to the May 31, 2012 order, but it will consider the content of that order as amended.

[8] *Id.*

[9] *Id.* at ¶ 3(a).

the order.[10]  In the second step, DirecTV was directed to "work with its Home Service Providers and other affiliated entities to ensure the information is accurate and updated" for "any class member whose notice was undeliverable, (which shall include potential plaintiffs whose Notice was returned as undeliverable, whose address was incomplete, and/or for whom DirecTV did not initially supply a home address)."[11]  The parties now dispute whether DirecTV has fulfilled its obligations under this procedure outlined in the Court's May 31, 2012 order.

As a result of this dispute, on July 31, 2012, Plaintiffs filed the pending Motion to Enforce Prior Orders ("Motion to Enforce"), which was set for hearing on August 15, 2012.[12]  Concurrently, Plaintiffs also filed an Ex Parte Motion to Expedite Consideration of the Motion to Enforce ("Plaintiffs' Motion to Expedite").[13]   On August 2, 2012, Defendants filed a memorandum in opposition to Plaintiffs' Motion to Expedite,[14] and Defendants subsequently filed a Motion to Continue Submission Date on Motion to Enforce ("Motion to Continue"), which was set for hearing on August 29, 2012.[15]  Defendants sought to expedite consideration of their Motion to Continue,[16] and Plaintiffs filed a memorandum in opposition to Defendants' Motion to Continue.[17]  This Court granted Plaintiffs' Motion to Expedite, setting the Motion to Enforce for submission on August 8,

---

[10] *Id.* at ¶ 3.

[11] *Id.* at ¶ 5.

[12] Rec. Doc. 288.

[13] Rec. Doc. 290.

[14] Rec. Doc. 293.

[15] Rec. Doc. 296.

[16] Rec. Doc. 297.

[17] Rec. Doc. 299.

2012.[18]   Accordingly, the Court denied as moot Defendants' motions.[19]   On August 7, 2012, Defendants filed their response in opposition to the pending Motion to Enforce.[20]   The Motion to Enforce is now before this Court on the briefs, oral argument having been requested and denied.[21]

## II. Arguments and Analysis

### A.  Parties' Arguments

Here, Plaintiffs allege that DirecTV "failed to utilize available resources to provide an accurate and updated list"; "failed to produce relevant data from the Home Service Providers (HSPs) and subcontractors"; and "failed to work internally with [DirecTV's] field services personnel (DirecTV Home Services), and with its Home Service Providers (HSP) and other affiliated entities to ensure the information is accurate and updated."[22]   Specifically, Plaintiffs allege that DirecTV has done nothing more than print off a "very deficient and outdated list from its limited Seibel database."[23]   Plaintiffs cite the data produced by DirecTV, noting a lack of birth data and limited information provided for relevant fields such as email addresses, phone numbers, and mailing addresses.[24]   Plaintiffs thus seek an order compelling DirecTV "to provide plaintiffs' counsel with an amended and supplemental list of all former and current satellite technicians who performed work

---

[18] Rec. Doc. 300.

[19] Rec. Doc. 301.

[20] Rec. Doc. 302.

[21] Rec. Docs. 303 and 304.

[22] Rec. Doc. 288 at ¶¶ 4-5.

[23] Rec. Doc. 288-1 at p. 3.

[24] *Id.* at pp. 2-3.

4

orders at DirecTV customer sites [within the relevant period]."[25]

According to Plaintiffs, DirecTV is "obligated to work with HSPs and other affiliated entities to provide Plaintiffs with a list identifying all class members and providing certain identifying information about those class members."[26]  Plaintiffs allege that the requested information is either within DirecTV's possession or is readily obtainable by DirecTV,[27] and Plaintiffs contend that this Court should require DirecTV to provide *all* of the information missing from its first production within thirty (30) days.[28]  Additionally, Plaintiffs argue that DirecTV has attempted to chill the right of workers to exercise their rights under the FLSA by way of a letter sent by DirecTV's Associate General Counsel to DirecTV's HSPs and affiliated entities.[29]

In response, Defendants first note that the Court's order required DirecTV to produce only that data which was "in its possession."[30]  Defendants then argue that DirecTV provided Plaintiffs with the basic contact information within its possession "and more."[31]  Defendants contend that DirecTV contacted "each of the *hundreds* of entities that engaged the claimants at issue and asked them to update the information to ensure accuracy."[32]  Thus, Defendants contend that they met their obligations under the first step of the notice procedure and further note that Plaintiffs were obligated

---

[25] Rec Doc. 288 at p. 2.

[26] Rec. Doc. 288-1 at p. 1.

[27] *Id.* at p. 3.

[28] *Id.* at p. 11.

[29] *Id.* at p. 9 (citing "Exhibit F," Rec. Doc. 288-7).

[30] Rec. Doc. 302 at p. 3.

[31] *Id.* at p. 4.

[32] *Id.*

to perform an advanced address search based on the information provided by DirecTV, rather than simply to disseminate notices using the information provided by DirecTV,[33] which Defendants allege Plaintiffs have not done.[34]  Further, Defendants cite to various representations made by Plaintiffs that they, Plaintiffs, would bear the brunt of the efforts and expense regarding notice.[35]  Defendants argue that DirecTV was not required to consult the records of every HSP it has acquired and then update their Siebel database or to sift through hundreds of boxes of records in order to update their records.[36]  Additionally, according to Defendants, "[i]f the plaintiffs want[] more information from non-parties, they have (and have always had) the ability to get it"[37] and Defendants' records have "*for years* . . . been available to the plaintiffs under Rule 34 for inspection and copying."[38]  Defendants assert that they have not withheld any information and that they have provided everything reasonably within their possession.[39]  In sum, Defendants argue that they have met their obligations under this Court's order and that this motion is simply an attempt by Plaintiffs to shift the costs and burden of the notice procedure onto Defendants.[40]

---

[33] *Id.* at p. 5.

[34] *Id.* at p. 9.

[35] *Id.* at p. 5-7.  Specifically, Defendants cite to Plaintiffs' counsel's statements at oral argument on the motion for conditional certification of the collective action that "We can do this" and that the only information Plaintiffs needed to effectuate notice was the names of the potential class members.  *Id.* at p. 6 (citations omitted). Likewise, Defendants cite to Plaintiffs' counsel's assurances to the Court that "we're going to pay the cost of this notice" and "the risk is ours."  *Id.* at p. 7 n.10 (citation omitted).

[36] *Id.* at p. 7.

[37] *Id.* at p. 6.

[38] *Id.* at pp. 7-8.

[39] *Id.* at p. 8.

[40] *Id.* at p. 10.

## B.  Analysis

When considering whether to conditionally certify this collective action, this Court expressed great concern about the costs and burdens of the notice process.  However, time and again, Plaintiffs assured this Court that they "[had] the operations to go ahead and administer the notice process" and that "[they could] do it."[41]  At the certification hearing, Plaintiffs' counsel specifically assured the Court that "another significant factor is we're going to pay the costs of this notice.  The plaintiffs are going to do that."[42]  Now, Plaintiffs seek to have Defendants go to great lengths to provide *all* requested data fields for *all* proposed class members.  The Court will not allow Plaintiffs to so significantly shift the burden of notice onto Defendants.

According to this Court's May 31, 2012 order, at the first step of the notice procedure, DirecTV was ordered only to provide that information which was in its possession.[43]  Although DirecTV was obligated to work with its HSPs and other affiliated entities to ensure the information was accurate,[44] it was not obligated to do anything and everything necessary to obtain *all* desired information for *all* proposed class members.  Further, in order to meet this obligation, DirecTV's Associate General Counsel sent a letter to DirecTV's contractors requesting that they provide updated information to DirecTV if they believed the information in the Siebel database was outdated.[45]  Although Plaintiffs contend that this letter was a thinly veiled threat that had just the

---

[41] Transcript, pp. 20-21, lines 18-19 and 25-1.

[42] Transcript, p. 34, lines 5-7.

[43] *See* Rec. Doc. 277 at ¶ 2.

[44] *See id.*

[45] *See* Rec. Doc. 288-7.

opposite effect, it is not clear to this Court that this letter had any chilling effect on contractors'

willingness to provide updated information.  Instead, it appears that this letter was meant to obtain

updated information and meet Defendants' obligations under this Court's order.  However, in order

to better assess the effect of this letter, the Court will require DirecTV to inform this Court, within

thirty (30) days of this order, what responses were received from DirecTV contractors as a result of

this letter.  Likewise and within the same time period, the Court will require DirecTV to inform this

Court of other actions taken by DirecTV to ensure the accuracy of the data provided.

Additionally, the Court agrees with Defendants that Plaintiffs were obligated to do more than

simply disseminate notices using only the information provided by Defendants.  Specifically,

Plaintiffs were to conduct an advanced address search to update the information provided to them

by DirecTV before disseminating the initial notices.  From the briefings, it is not readily apparent

to this Court that Plaintiffs met this obligation.  Accordingly, the Court will require Plaintiffs to

inform this Court, within thirty (30) days of this order, what actions Plaintiffs have taken to meet this

obligation.


### III. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Enforce[46] is **DENIED** and that

DirecTV will not be required to provide information as to all missing data fields from DirecTV's

initial production of information regarding potential class members.

**IT IS FURTHER ORDERED** that DirecTV must work with its HSPs to ensure the accuracy

---

[46] Rec. Doc. 288.

8

of data and that DirecTV must certify to this Court, within thirty (30) days of this order, what DirecTV has done to comply with this and the Court's May 31, 2012 orders.

      **IT IS FURTHER ORDERED** that Plaintiffs must certify to this Court, within thirty (30) days of this order, what Plaintiffs have done to meet their obligations under the Court's May 31, 2012 order.

      **IT IS FURTHER ORDERED** that DirecTV must inform this Court, within thirty (30) days of this order, what responses were received from DirecTV contractors as a result of the letter sent to contractors by DirecTV's Associate General Counsel.

      **NEW ORLEANS, LOUISIANA**, this  9th  day of August, 2012.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**